**FILED**
**CLERK**

**6/22/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
ALTERNATIVE ENERGY SOUTHEAST, INC.,

        *Plaintiff,*

      -against-

CARDCONNECT, LLC,

        *Defendant*.
-------------------------------------------------------------------X

**MEMORANDUM**
**AND ORDER**

2:26-cv-00944 (SJB) (JMW)

**A P P E A R A N C E S:**

      Brian Laine
      **Alston & Bird LLP**
      90 Park Avenue
      New York, NY 10016
      *Attorney for Plaintiff*

      John Peterson
      **Polsinelli PC**
      501 Commerce Street, Suite 1300
      Nashville, TN 37203

        -and-

      Matthew S. Knoop
      **Polsinelli PC**
      1201 West Peachtree Street, Suite 1100
      Atlanta, GA 30309
      *Attorneys for Defendant*

**WICKS,** Magistrate Judge:

Plaintiff Alternative Energy Southeast, Inc. brings this action against CardConnect, LLC

for conversion and negligence. (*See generally* ECF No. 1.) Presently before the Court is

Defendant's motion to stay discovery pending Defendant's motion to dismiss which is before the

Hon. Sanket J. Bulsara. (ECF No. 20.) For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART.**

## BACKGROUND

Plaintiff filed the Complaint on February 17, 2026. (ECF No. 1.) On April 17, 2026, Defendant filed a letter stating, *inter alia*, its intention to file a motion to dismiss the Complaint for failure to state a claim. (ECF No. 10). On April 27, 2026, Defendant filed a letter-motion requesting a pre-motion conference to address its forthcoming motion to dismiss. (ECF No. 13.) Plaintiff responded with a letter in response to Defendant's letter motion on May 26, 2026. (ECF No. 18.)

On May 28, 2026, Defendant filed a motion to stay discovery pending decision of its motion to dismiss. (ECF No. 20.) During the Initial Conference, held on May 29, 2026, the Court adopted a Scheduling Order. (ECF No. 21.) On June 5, 2026, Plaintiff filed a letter in opposition to Defendant's motion to stay. (ECF No. 23.) Defendant filed a reply in further support of its motion to stay on June 10, 2026. (ECF No. 24.)

## THE LEGAL FRAMEWORK

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *L.N.K. International, Inc. v. Continental Casualty Company*, No. 22-cv-05184 (GRB) (JMW), 2023 WL 2614211, at *1 (E.D.N.Y. Mar. 23, 2023) (quoting *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010)) (citation omitted). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Gagliano v. United States*, No. 24-cv-07930 (SJB) (JMW), 2025 WL 1104042, at *2 (E.D.N.Y. Apr. 14, 2025) (citing *Weitzner v. Sciton,*

2

*Inc.*, No. CV 2005-2533, 2006 WL 3827422, at \*1 (E.D.N.Y. Dec. 27, 2006)). A stay of discovery is warranted only upon a showing of "good cause[.]" *Alloway v. Bowlero Corp.*, No. 2:24-CV-04738 (SJB) (JMW), 2025 WL 1220185, at \*1 (E.D.N.Y. Apr. 28, 2025) (citing *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at \*2 (E.D.N.Y. Apr. 16, 2018)).

Discovery should be stayed "only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive[.]" *Hachette Distribution, Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (Spatt, J.). The overarching goal is "to secure the just, speedy, and inexpensive determination of every action[.]'" *Id.* at 357 (quoting Fed. R. Civ. P. 1). To illustrate, suppose a case involves multiple defendants, but only some made dispositive motions. That would cut against granting a stay, because "discovery [would] proceed in the case whether or not the [dispositive] motion [were] granted." *Id.* at 359. Along the same lines, courts should aim to minimize redundancy. Sometimes staying discovery may "help prevent duplicative and inefficient litigation[,]" *Drop a Piano Prods., LLC v. Maraboyina*, No. 25 CIV. 8631 (JPC), 2026 WL 473268, at \*1 (S.D.N.Y. Feb. 19, 2026), whereas other times it can have the opposite effect and "unnecessarily lead to duplicative document production and depositions[,]" *Hachette Distribution*, 136 F.R.D. at 359. *Au fond*, "[a] court determining whether to grant a stay of discovery pending a motion must look to the 'particular circumstances and posture of each case.'" *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 568 (E.D.N.Y. 2024) (quoting *Hachette Distribution*, 136 F.R.D. at 358).

That said, the guidelines for considering whether a stay is appropriate are timeworn. In evaluating whether a stay of discovery is justified, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth

of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Castillo v. Seviroli Foods, Inc.*, No. 21-CV-0005-ERK-JMW, 2021 WL 5416625, at *1 (E.D.N.Y. Nov. 19, 2021) (applying the "three-factor test" to a motion to stay discovery pending the resolution of a motion to dismiss); *Yzryahl v. Figuccio*, No. 2:25-CV-00474 (SJB) (JMW), 2025 WL 1149474, at *2 (E.D.N.Y. Apr. 17, 2025) (same).

Given the circumstances here, it is appropriate to grant Defendant's motion in part and deny it in part, for the reasons that follow.

## **DISCUSSION**

### I.   **Whether Defendant Has Made a Strong Showing That Plaintiff's Claims are Unmeritorious**

Defendant anticipates moving to dismiss the entirety of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). While no briefing schedule has been set, Defendant has moved for a pre-motion conference before Judge Bulsara. A review of the pre-motion conference letters suggests that, as the record stands now, Defendant is unlikely to prevail on the motion.[1]

Generally, to survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also CompassCare v. Hochul*, 125 F.4th 49, 56-57 (2d Cir. 2025) (quoting *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")). Complaints are properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

---

[1] In considering the present motion, the Court is basing the analysis solely upon the arguments made in the pre-motion letters which are not intended to prejudge in any way the motion to dismiss which will be briefed before, and considered by, Judge Bulsara.

Of particular relevance here, "evidence outside of the Complaint may not be considered by the Court when deciding a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6)." *Oxman v. Downs*, 999 F. Supp. 2d 404, 406 (E.D.N.Y. 2014) (citing *DiFolco v. MSNBC Cable L.L.C.,* 622 F.3d 104, 113 (2d Cir. 2010)). Indeed, "a district court errs when it considers affidavits and exhibits submitted by defendants, or relies on factual allegations contained in legal briefs or memoranda, in ruling on a 12(b)(6) motion to dismiss." *Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir. 2000) (citation modified).

To be sure, "[t]here are exceptions to Rule 12(b)(6)'s general prohibition against considering materials outside the four corners of the complaint." *Halebian v. Berv*, 644 F.3d 122, 131 n.7 (2d Cir. 2011). For instance, courts may consider "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, [and] (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint," among other things. *Env't Servs., Inc. v. Recycle Green Servs., Inc.*, 7 F. Supp. 3d 260, 270 (E.D.N.Y. 2014) (Spatt, J.) (internal citation omitted). Crucially, however, the Second Circuit has clarified that "a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (emphasis in original); *see also id.* n.4 (considering contracts submitted by defendants where the complaint was "replete with references to the contracts and request[ed] judicial interpretation of their terms").

5

Here, the Complaint asserts claims for conversion and negligence. (*See* ECF No. 1, ¶¶ 21–33.) In its pre-motion letter on its motion to dismiss, Defendant asserts that it acted pursuant to a written agreement. Specifically, Defendant claims that in October 2020, Plaintiff and Defendant entered into a "merchant processing application and agreement" to establish a merchant account for Plaintiff to accept credit and debit card payments. (ECF No. 13 at 1.) Defendant further states that the agreement provides that "all credits to [Plaintiff's] Settlement Account or other payments to [Plaintiff] are provisional and are subject to . . . [CardConnect's] final audit." (*Id.* at 2.) The agreement also provides, according to Defendant, that upon CardConnect's identification of financial risk, CardConnect could establish a reserve account, the amount of which rested in CardConnect's sole discretion. (*Id.* at 3.) Accordingly, Defendant argues that Plaintiff's claims for conversion and negligence must fail, because, *inter alia*, the contractual agreement expressly permits Defendant to do exactly what it did. Relatedly, Defendant maintains that Plaintiff's conversion and negligence claims are foreclosed because they are "merely a disguised breach-of-contract claim[,]" as the cause of action "arises solely out of the Agreement" and "Plaintiff cannot allege any duty independent of those contained in the Agreement." (*Id.* at 3–4.)

The purported Agreement, however, is not so much as hinted to in the Complaint. The Complaint describes Plaintiff's relationship with Defendant as follows:

> In April of 2022, AES [*i.e.*, Plaintiff] communicated with Paychex, a company specializing in human capital management solutions for small businesses. Paychex asked AES if it would consider working with a cheaper payment processor. AES expressed its interest in seeing competitive quotes but did not submit any applications to payment processors at this exploratory stage. Then, in September of 2022, AES received an email from an automated CardPointe email account. [CardPointe is CardConnect's payment processing platform (ECF No. 1, ¶ 7).] The email stated that AES would soon receive a message welcoming the business to the CardPointe processing platform. Later, in October 2022, CardConnect contacted AES again to notify AES that its online

6

payment portal was active and capable of receiving customer payments. ***AES has no record of (nor do any of its employees or officers have any recollection of) consenting to any terms or conditions governing the merchant processing services arrangement with CardConnect***.

Beginning October 2022, AES and CardConnect proceeded to do business with one another, establishing an ongoing relationship through a consistent course of dealing, pursuant to which AES submitted its customers' credit card charges to CardConnect, and CardConnect accepted and took possession and control of AES's rights in the credit card charges, submitting them to the card networks on AES's behalf, and depositing the resulting settlement proceeds to a deposit account designated by AES.

(ECF No. 1, ¶¶ 8–9 (emphasis added).)

While the Complaint could be clearer, it seems to indicate that Plaintiff and Defendant were introduced informally through a third party called Paychex, and that they proceeded to do business in a similarly informal manner without reducing the terms of their arrangement to writing. In any event, the Complaint is crystal clear on at least two points: First, that Plaintiff and Defendant began doing business in October 2022 (*id.*, ¶ 9); and second, that "[Plaintiff] has no record of (nor do any of its employees or officers have any recollection of) consenting to any terms or conditions governing the merchant processing services arrangement with [Defendant]" (*id.*, ¶ 8). Defendant's representations that the parties executed a written agreement in October 2020 (ECF No. 13 at 1) flatly contradict those well-pleaded allegations. As Plaintiff notes, such factual disputes "demonstrate[] precisely why a stay is unwarranted." (ECF No. 23.)[2]

---

[2] In its reply brief, Defendant notes that Plaintiff's opposition "does not deny that the merchant processing agreement governs the parties' relationship." (ECF No. 24.) Defendant also notes that "Plaintiff likewise does not dispute that the parties engaged in a commercial payment-processing relationship that necessarily operated pursuant to contractual terms." (*Id.*) Defendant concludes that "Plaintiff's opposition therefore does not meaningfully rebut CardConnect's central argument that Plaintiff's claims arise from, and are governed by, the merchant processing agreement into which the parties entered and which CardConnect references in its letter motion to dismiss." (*Id.*) If for no other reason, this reply is noteworthy in that it concedes that the existence of the merchant processing agreement is the "central" premise of Defendant's motion to stay, and, by implication, that without that pillar the whole edifice collapses. As for Defendant's contention that Plaintiff does not deny the existence of the agreement, it is not Plaintiff's responsibility at this point to refute claims outside the pleadings. Notably, Defendant does not upload the supposed agreement as an exhibit.

Even if Plaintiff did concede the existence of the purported Agreement, the Complaint does not *rely* on it, which is what the law requires. *Chambers*, 282 F.3d at 153. Rather, Plaintiff's claim appears to arise out of an informal pattern of dealing:

> By accepting and processing AES's customers' credit card charges, CardConnect became a bailee for hire of AES's property and owed AES the duties of a bailee, including the duty to exercise reasonable care and to process the charges and deliver the proceeds to AES, net of fees, within a reasonable time.
>
> AES never agreed to allow CardConnect to withhold the proceeds of AES's credit card charges. At no point prior to February 11, 2025 did CardConnect withhold the proceeds of AES's processed transactions. CardConnect regularly accepted charges from AES's customers, submitted these charges through the card networks, and promptly deposited the proceeds into AES's designated deposit account.
>
> Both parties performed consistently with the understanding described in Paragraphs 9 through 11 (the "Bailment for Hire Arrangement") until CardConnect, from February 11, 2025 to August 26, 2025, without AES's knowledge or consent, wrongfully and without justification withheld $138,076.12 from AES's credit card charges[.]"

(ECF No. 1, ¶¶ 10–12.)

On the current record, then, Defendant is unlikely to prevail on its forthcoming motion to dismiss, because the record does not include the supposed contract upon which Defendant's entire argument relies. *See Hova v. Royal Caribbean Cruises Ltd.*, No. CV 12-1358-DRH-ETB, 2013 WL 1820914, at *2 (E.D.N.Y. Apr. 30, 2013) (denying the defendant's motion to dismiss because it was predicated on factual assertions, including a cruise ticket contract, outside the complaint). The first factor therefore weighs against staying discovery. *See, e.g.*, *Friedman as Tr. of Ellett Bros., LLC v. Nexien, Inc.*, No. 21-CV-03292-DRH-JMW, 2021 WL 5910763, at *6–7 (E.D.N.Y. Nov. 9, 2021) (denying motion to stay discovery pending decision on a motion to dismiss where the defendant had not made a strong showing that it would succeed on the latter). The preceding analysis, however, is only cursory and preliminary and is by no means meant to

pre-judge the underlying motion to dismiss. The analysis is done here solely to determine whether a stay is appropriate.

## II.    Breadth of Discovery and the Corresponding Burdens

The second factor—breadth and corresponding burdens of discovery—also weighs against granting a stay. "[A] party seeking a stay must proffer specific reasons why discovery is likely to be unusually complex." *Combs v. Burgess*, No. 25 CIV. 650 (JPC), 2026 WL 205571, at *2 (S.D.N.Y. Jan. 27, 2026). Courts assessing this factor "look to whether discovery would reach such a wide breadth that good cause for a stay exists," which includes the "number of defendants and claims." *Choudhury v. NYC Health & Hosps. Corp.*, No. 25-CV-5240 (PAE), 2025 WL 2977837, at *4 (S.D.N.Y. Oct. 22, 2025) (citations omitted) (collecting cases).

Here, there is only one plaintiff and one defendant. Plaintiff's claims arise from a discrete sequence of events: Defendant's withholding of funds for about six months in 2025. Defendant's principal defenses are also rather narrow and straightforward; they all revolve around the existence and terms of the contractual agreement between the parties. *See Guiffre v. Maxwell*, No. 15-CV-7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) (finding a stay inappropriate where the "case involve[d] a single claim against a single defendant, related to an ongoing series of events in which Defendant was alleged to be personally and intimately involved"). Accordingly, the second factor as well weighs against granting the stay.

## III.    Risk of Unfair Prejudice

This case is in its nascent stage, commenced four months ago on February 17, 2026. An Initial Conference was held on May 29, 2026 (ECF No. 21), and the parties only just exchanged Rule 26(a)(1) disclosures on June 12, 2026 (*see id*. at 3). Hence, "[m]inimal discovery has occurred," so staying discovery should not prejudice Plaintiff. *Spira v. TransUnion, LLC*, No.

9

7:23-CV-04319-NSR, 2023 WL 5664215, at *2 (S.D.N.Y. Sept. 1, 2023) (staying discovery); *see also Luxury Cars of Bayside, Inc. v. BMW of N. Am., LLC,* No. 26-CV-00163 (JMA) (JMW), 2026 WL 592530, at *6 (E.D.N.Y. Mar. 3, 2026) (granting a partial stay of discovery pending resolution of the anticipated motion to dismiss where discovery had not yet commenced with the exception of the plaintiff's recent service of initial disclosures).

Indeed, Plaintiff concedes that, given the early stage of discovery, staying discovery would cause Plaintiff only "relatively minor" prejudice. (ECF No. 23 at 2.)

Courts in this Circuit grant short stays that will be vacated upon resolution of a motion to dismiss and "neither unnecessarily delay the action nor prejudice the plaintiffs thereby." *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y 2002); *Nat'l Rifle Assn'n of Am. v. Cuomo*, 2020 WL 7338588, at *4 (N.D.N.Y. 2020). Here, a short stay is not likely to cause undue prejudice. *See Maddix v. City of New York*, No. 25-CV-01909 (HG), 2025 WL 1530648, at *3 (E.D.N.Y. May 29, 2025) (granting a stay absent prejudice due to early stages of litigation). Thus, this factor tilts toward Defendant.

## CONCLUSION

Having considered the relevant factors, the Court concludes that the first two favor denial of a stay but the third heavily leans in favor. "[C]ourts ofttimes grant in part a motion to stay discovery and permit limited discovery pending resolution of a dispositive motion." *Miller v. Trans Union, LLC*, No. 25-CV-03370 (JS) (JMW), 2025 WL 2677078, at *4 (E.D.N.Y. Sept. 18, 2025). Therefore, limited discovery may proceed. *See Al Thani v. Hanke*, No. 20-CV-4765 (JPC), 2021 WL 23312, at *2 (S.D.N.Y. Jan. 4, 2021) ("The Court finds that this limited discovery will substantially limit the burden of discovery while avoiding any undue prejudice to Plaintiff.")

Accordingly, Defendant's motion to stay (ECF No. 20) is **GRANTED IN PART AND DENIED IN PART**. The parties shall move forward with Rule 26 initial disclosures (to the extent they have not already done so) and with so-called "paper" discovery, such as interrogatories and document demands. The parties shall not, however, take any depositions until disposition on the motion to dismiss and further order of the Court.

In the event the pending motion to dismiss is denied, the parties are directed to meet and confer and file a joint proposed schedule for discovery within 10 days of the ruling on that motion.

Dated: Central Islip, New York
June 22, 2026

SO ORDERED:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge